| | | |
|---|---|---|
| JASON MICHAEL MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03161-TWP-MJD |
| | ) | |
| ROOKS Officer, | ) | |
| SHELTON Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

**I. Screening of Complaint**

A.    *Legal Standards*

Plaintiff Jason Michael Middleton is currently an inmate at the Putnamville Correctional

Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has

an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails

to state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief.  In determining whether the complaint states a claim, the Court applies the same standard

as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal*

*v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face.  A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

    B.    *Allegations*

The complaint names two defendants: Officer Rooks and Officer Shelton. For relief, the plaintiff seeks compensatory and punitive damages.

The plaintiff alleges that on October 10, 2018, after being transported from the Shelby County Criminal Justice Center (the Jail) back to prison, he slipped and fell out of the back of the transport van while shackled and handcuffed, injuring his back and neck. He alleges that it had been raining and the bumper on the van was wet. He alleges that it was Officer Rooks' job to assist him when getting out of the van, but he made no attempt to do so. Officer Rooks allegedly did not want to stand in a puddle of water so he did not help the plaintiff. Officer Rooks allegedly knew that it had been raining and that the bumper was wet and hazardous. The plaintiff alleges that the fall caused permanent nerve damage in his neck.

The plaintiff further alleges that on November 28, 2018, when he was transported back to the Jail, Officer Rooks refused to give him his pain medications for the nerve damage in his neck. Officer Rooks put the medication in the plaintiff's property rather than giving it to medical staff "knowing it would take medical a couple days to figure it out," leaving the plaintiff in pain. Dkt. 1 at 3.

The plaintiff further alleges that Officer Rooks placed him in segregation, kept the light on in segregation, denied visits, and did not let him go to recreation, all out of retaliation and in violation of Jail policy because of "the stunt [he] pulled" on October 10, 2018, meaning when the officer let him slip and fall out of the van. Dkt. 1 at 3.

As to Officer Shelton, the plaintiff alleges that he refused to give him a bottom bunk and made him sleep on the floor even though the plaintiff had a bottom bunk pass. Officer Shelton also refused to give the plaintiff "a boat" (something that would allow him to not sleep on the floor). The plaintiff does not allege how many nights he had to sleep on the floor.

C.      *Analysis*

To the extent the plaintiff brings retaliation claims against Officer Rooks, to succeed on such a claim he would have to show: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the defendants' decision to retaliate. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Here, the plaintiff does not allege that he engaged in any protected activity. Rather, he alleges that Officer Rooks was not happy with him because he fell out of the van. The retaliation claim is **dismissed for failure to state a claim upon which relief can be granted.**

The mere placement of an inmate in segregation for a short period of time without more does not state a constitutional violation. Prisoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary. *See Sandin v. Conner*, 515 U.S. 472, 483–86 (1995); *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015).

In addition, the temporary or sporadic denial of recreation does not state a viable constitutional claim. The Court acknowledges that exercise is "a necessary requirement for physical and mental well-being," however, "short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation." *Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001) (collecting cases). The plaintiff does not allege that he was denied "the minimal civilized measure of life's necessities," which is necessary to state

an Eighth Amendment claim. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotation omitted).

To the extent that the plaintiff alleges that Officer Rooks violated Jail policy, he fails to state a viable federal claim. Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (internal quotation omitted). "[R]emedies in § 1983 suits are for violations of federal law only." *Brown v. Randle,* 847 F.3d 861, 865 (7th Cir. 2017). A violation of a prison policy or state law does not support a constitutional claim. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted).

The claim against Officer Shelton is misjoined in this action. "'Unrelated claims against different defendants belong in different suits.'" *UWM Student Ass'n v. Lovell,* 888 F.3d 854, 863 (7th Cir. 2018) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Joinder of defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In short, courts do not allow an inmate to treat a single federal complaint as a sort of laundry list of grievances. Because the complaint does not set forth any claim that properly joins both defendants, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

Rather than severing the claim against Officer Shelton into another action, however, the Court has considered the fact that the plaintiff has filed a number of civil rights cases and each one

triggers the responsibility to pay a filing fee. If the claim against Officer Shelton fails to state a claim upon which relief can be granted, it could result in a "strike." The Court will allow the plaintiff to decide whether to file a separate action against Officer Shelton. Any claim against Officer Shelton is **dismissed without prejudice** as misjoined in this action.

The claims that Officer Rooks was deliberately indifferent 1) to the plaintiff's health and safety by failing to assist him out of the van when he was shackled and the bumper was wet, and 2) to the plaintiff's serious medical needs by not providing him pain medication in a timely manner, in violation of the Eighth Amendment, **shall proceed.**

These are the claims the Court discerns in the complaint. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through September 30, 2019,** in which to identify those claims.

## II. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Officer Rooks in the manner specified by Rule 4(d). Process shall consist of the complaint filed on July 29, 2019 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk shall **terminate from the docket** Officer Shelton.

**IT IS SO ORDERED.**

Date:   8/29/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASON MICHAEL MIDDLETON
158480
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Officer Rooks
Shelby County Criminal Justice Center
107 West Taylor Street
Shelbyville, IN 46176